# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VENOM 64, INC. d/b/a WESTERN NIGHTS; GLENN'S ROADHOUSE, LLC d/b/a ROADHOUSE BAR & GRILL; SIX SHOOTER SALOON, LLC d/b/a SIX SHOOTER SALOON; BRENT BARNETT; KARI REHL; and LACY GILWORTH, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OKLAHOMA CITY; DAVID HOLT; and WADE GOURLEY, <br><br> Defendants. | Case No. CIV-20-01190-JD |

## ORDER

Today Defendants City of Oklahoma City, David Holt, and Wade Gourley filed a Notice of Removal of Plaintiffs' case from the District Court of Oklahoma County, Oklahoma, Case Number CV-2020-2406 [Doc. No. 1]. Pending before the District Court of Oklahoma County was Plaintiffs' Motion for Temporary Restraining Order and/or Temporary Injunction and Memorandum of Law in Support (referred to as the "pending state-court motion") [Doc. No. 1-3].

The Federal Rules of Civil Procedure apply to any civil action after it is removed from state court. Fed. R. Civ. P. 81(c)(1). Local Civil Rule 81.2(b) provides:

> Any motion pending at the time of removal will be considered withdrawn unless, within 30 days of removal, the moving party files a notice of pending motion and attaches copies of: (1) the original motion filed in state court, and (2) all responses, replies, or other papers filed in state court that are necessary to adjudicate the motion. The court may require that any such motion, response, reply, or other paper be refiled in conformity with the Federal Rules of Civil Procedure or the Local Civil Rules.

If Plaintiffs intend to pursue the pending state-court motion in this federal action, Plaintiffs are **ORDERED** to refile the motion in compliance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, including, but not limited to, Federal Rules of Civil Procedure 7 and 65. *See* LCvR81.2(b). However, before Plaintiffs file any motion for temporary restraining order in this federal action, the Court **ORDERS** counsel for the parties to meet and confer telephonically on any temporary restraining order request that Plaintiffs intend to make in this action, given that Defendants are aware of the pending state-court motion such that the request for a restraining order is with notice. Specifically, counsel for the parties must meet and confer to determine if they can reach any agreements or narrow any disputes on any temporary restraining order aspects of Plaintiffs' anticipated federal motion. In addition to meeting the requirements of the Federal Rules of Civil Procedure, any refiled motion for temporary restraining order by Plaintiffs shall recite the meet and confer efforts by the parties and whether the parties reached any agreements or narrowed any disputes.

Finally, the docket reflects that Defendants removed this action but have not paid the filing fee or entered appearances. The Court **ORDERS** Defendants to pay the filing fee and file any entry of appearance by their counsel by Wednesday, November 25, 2020.

IT IS SO ORDERED this 24th of November 2020.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE