IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Venom 64, Inc. d/b/a Western Nights, *an Oklahoma Corporation;* <br> (2) Glenn's Roadhouse, LLC d/b/a Roadhouse Bar & Grill, *an Oklahoma Limited Liability Company;* <br> (3) Six Shooter Saloon, LLC d/b/a Six Shooter, Saloon, *an Oklahoma Limited Liability Company;* <br> (4) Brent Barnett, *an individual;* <br> (5) Kari Rehl, *an individual;* <br> (6) Lacy Gilworth, *an individual;* and <br> (7) Augustin Ramon, *an individual;* <br><br> **Plaintiffs.** <br><br> vs. <br><br> (1) City of Oklahoma City, <br> (2) David Holt, *in his official capacity as Mayor of Oklahoma City*; and <br> (3) Wade Gourley, *in his official capacity as Chief of Police of the City of Oklahoma City;* <br><br> **Defendants.** | Case: 5:20-CV-01190-JD |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

**COMES NOW** Defendants, the City of Oklahoma City, David Holt, and Wade Gourley, by and through its counsel, Amanda Carpenter, Sherri R. Katz and Richard N. Mann, and responds to Plaintiffs' Motion to Remand as follows:

1. Plaintiff seeks remand pursuant to 28 USC § 1447, which provides that the Court "…may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal…"

2. In this matter Plaintiff chose to file the state lawsuit yesterday on November 24,

2020, that prompted this removal and served the City Clerk at approximately 12:20pm and scheduled a hearing before a state judge at 3:00pm that same day.

3. As Defendants cannot seek affirmative relief in state court without potentially prejudicing the opportunity to remove on the federal claim the Defendants sought removal to this court.

4. In addition to naming the City of Oklahoma City, the only proper party to this case, Plaintiff has included two other defendants, namely Mayor David Holt and Chief of Police Wade Gourley, both in their official capacity. Naming them both in their official capacity is inappropriate and is redundant as it is well established in the Tenth Circuit that a complaint against a government official or employee in their official capacity is nothing more than a complaint against the government entity.

5. Accordingly, Plaintiff should be required to dismiss Defendants Holt and Gourley, or the Court should do it for him prior to remand.

6. In the event that the Court orders remand of this case, the Court should retain jurisdiction for the purpose of entertaining additional attorney fees and costs if the Plaintiffs attempt to amend to bring federal claims back into the state court proceeding.

## Brief in Support

As pointed out above, now that the Plaintiff has dropped his federal claims, the Court can award attorney fees and cost for this removal upon remand.  42 USC § 1447(c). Secondly, in the event that the court remands this matter, the Court should retain jurisdiction for the purpose of entertaining attorney fees and costs in the event that any of

these Plaintiffs file or seek to amend any federal claims against the City either in this suit, or in any other filing.

The Tenth Circuit Court of Appeals has held that "a suit [brought under §1983] against persons in their official capacities functions as a suit against the municipality itself." *Goss v. Bd. Of Cty. Comm'rs of Creek Cty.*, 645 F.App'x 785, 789 (10th Cir. 2016). Further, "official-capacity suits. . .'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

In this case where the Plaintiff has voluntarily dismissed his federal cause of action which deprives the Court of federal jurisdiction, is similar to cases where the Plaintiff has dismissed his lawsuit without prejudice. In *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997), the Court held that "…when a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that a plaintiff will refile the suit and impose duplicative expenses upon him…"

Courts in the Tenth Circuit have ordered that in the event a plaintiff who voluntarily dismisses a lawsuit files a subsequent lawsuit, that he must compensate the defendant for duplicative expenses. See *Brown v. Baeke*, 413 F.3d 1121, 1126 10th Cir. 2005) "Plaintiffs were required to pay fees and expenses incurred by defendant as a result of duplicative effort that could not be avoided…" *Agjunction LLC v. Agrian, Inc.*, 2015 WL 416444 at *6 (D. Kan. Jan. 30, 2015).

This Court can retain jurisdiction for motions for fees and costs.  (See: *Cactus*

3

*Petroleum Corp. v. Continental Resources, Inc.*, No. CIV-13-798-HE, 2013 WL 5656107 (W. D. Ok. Oct. 16, 2013); and *Batton v. Mashburn*, No. CIV-14-651-R, April 22, 2016, (Doc. # 41, in that case).

Prior to remand, the court should order the dismissal of Gourley and Holt and allow defendants an opportunity to brief attorney fees and costs for the removal, and enter an order retaining jurisdiction for consideration of additional fees and cost should any of these Plaintiff pursue additional federal claims against these defendants.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

/s/ Richard Mann
Amanda B. Carpenter, OBA #20965
Richard N. Mann, OBA# 11040
Sherri R. Katz, OBA# 14551
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451
Amanda.carpenter@okc.gov
Richard.mann@okc.gov
Sherri.katz@okc.gov
Attorneys for Defendant City, Holt and Gourley

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th Day of November, 2020, I electronically transmitted the attached Response to Plaintiffs' Motion to Remand to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the following ECF registrants: Frank Urbanic, 1211 N. Shartel Ave., Suite 906, Oklahoma City, OK 73103, Frank@Urbanic.Law

/s/ Richard Mann
Assistant Municipal Counselor