IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VENOM 64, INC. d/b/a WESTERN NIGHTS; GLENN'S ROADHOUSE, LLC d/b/a ROADHOUSE BAR & GRILL; SIX SHOOTER SALOON, LLC d/b/a SIX SHOOTER SALOON; BRENT BARNETT; KARI REHL; LACY GILWORTH; and AUGUSTIN RAMON,<br><br>          Plaintiffs,<br><br>v.<br><br>CITY OF OKLAHOMA CITY; DAVID HOLT, in his official capacity; and WADE WADE GOURLEY, in his official capacity,<br><br>          Defendants. | Case No. CIV-20-01190-JD |

## ORDER

Before the Court is Plaintiffs' Motion to Remand ("Motion") [Doc. No. 6]. The Motion argues that this action for injunctive and declaratory relief should be remanded to state court because Plaintiffs' recently filed Amended Complaint [Doc. No. 4] eliminates all federal claims. The Court set this matter for expedited briefing [Doc. No. 11]. Defendants filed a Response [Doc. No. 13], apparently conceding that remand is appropriate. For the following reasons, the Court GRANTS the Motion.

## PROCEDURAL HISTORY

Plaintiffs Venom 64, Inc. d/b/a Western Nights, Glenn's Roadhouse, LLC d/b/a Roadhouse Bar & Grill, Six Shooter Saloon, LLC d/b/a Six Shooter Saloon, Brent Barnett, Kari Rehl, Lacy Gilworth, and Augustin Ramon filed this action for injunctive

1

and declaratory relief in the District Court of Oklahoma County on November 24, 2020, alleging that Oklahoma City Mayor David Holt's Revised Proclamation of State of Emergency dated November 19, 2020 violates the Oklahoma Constitution, the United States Constitution, and state law. *See* Petition for Injunctive and Declaratory Relief [Doc. No. 1-2]. On the same day, Defendants City of Oklahoma City, David Holt, and Wade Gourley ("Defendants") removed the action to this Court on the grounds that the Court has original jurisdiction over Plaintiffs' federal constitutional claims under 28 U.S.C. § 1331. Plaintiffs immediately filed an Amended Complaint [Doc. No. 4] eliminating their federal constitutional claims. Plaintiffs thereafter filed the present Motion, seeking remand on the grounds that the Court lacks subject-matter jurisdiction.

The Court sought an expedited response by Defendants to Plaintiffs' Motion, and Defendants timely responded. Defendants acknowledge that Plaintiffs have dropped their federal claims. [Doc. No. 13 at 2]. Defendants do not appear to contest remand. Instead, they request that the Court dismiss Defendants David Holt and Wade Gourley as improper parties and retain jurisdiction to entertain an award of fees.

## DISCUSSION

### I.  Plaintiffs' Motion to Remand

Plaintiffs maintain that the Court must remand this case because Plaintiffs voluntarily amended their complaint to omit all federal claims. The Motion cites no authority for this blanket rule, and the Court has found none mandating such a result. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell*

*Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). However, when an action is removed to federal court, as in this case, subject-matter jurisdiction is determined at the time of removal. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (noting that it was error to assume party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action). Further, where an action is removed based on federal question jurisdiction, subsequent dismissal of the federal claims does not mandate remand if the Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a). *See Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010) ("[I]f there is federal jurisdiction on the date a suit is removed—as there was in this suit—the final resolution of the claim that supported the suit's presence in federal court does not necessitate remand."); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) ("Cases removed from state to federal court under 28 U.S.C. § 1447(c) are treated differently. In those cases, the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction. Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction."). *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (noting that court may consider whether a plaintiff has engaged in any manipulative tactics when it decides whether to remand a case after dismissal of all federal claims).

Neither party addresses supplemental jurisdiction, but it appears plain that Plaintiffs' state-law claims form part of the same case or controversy as their now-

3

omitted federal claims. The question is thus whether the Court should retain supplemental jurisdiction over those state-law claims or, in its discretion, remand or dismiss the action.

On the issue of supplemental jurisdiction, 28 U.S.C. § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [pertaining to civil actions of which the district courts have original jurisdiction] if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Supreme Court also has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

The Court finds that it should decline to exercise supplemental jurisdiction over the remaining state law claims in this case and should remand. Two of Plaintiffs' remaining claims turn on interpretation of Oklahoma's Riot Control and Prevention Act,

21 Okla. Stat. § 1321.1, as well as Sections 15-36 through 15-40 of the Oklahoma City Municipal Code, and the Court finds that the interests in comity—leaving the state to decide novel questions of state law—predominate. The claim over which this Court has original jurisdiction has been dismissed; Plaintiffs amended their complaint as a matter of right under the federal rules and sought remand almost immediately after removal. Additionally, Defendants do not oppose remand and have made no arguments under any federal statute or case law seeking for this Court to exercise jurisdiction over the remaining state-law claims. Finally, the Court finds no evidence of manipulative tactics here that might counsel against remand. *See Carnegie-Mellon Univ.*, 484 U.S. at 357. Accordingly, remand in this case—which appears uncontested—is appropriate.

**II.     Defendants' Requests for Dismissal of Defendants Holt and Gourley and for Fees and Costs**

Defendants argue the Court should dismiss Defendants David Holt and Wade Gourley because Plaintiffs sued these two defendants in their official capacities and official-capacity lawsuits function as actions against the municipality itself. In support, Defendants cite cases arising under 42 U.S.C. § 1983. [Doc. No. 13 (citing *Goss v. Bd. of Cnty. Comm'rs of Creek Cnty.*, 645 F. App'x 785 (10th Cir. 2016) (unpublished) and *Kentucky v. Graham*, 473 U.S. 159 (1985))]. However, because Defendants have not made a motion seeking this relief, the Court declines to consider this request. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. . . .").

Defendants next argue that the Court should allow them to brief attorneys' fees and costs for their removal based on Plaintiffs' original petition, which included a claim

for violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. [Doc. No. 13 at 3–4; *see also* Doc. No. 1-2 at 19–20 (original federal claim in petition)]. In support, Defendants point to cases where a plaintiff voluntarily dismissed the federal action. [Doc. No. 13 at 3 (citing cases)].

Under 28 U.S.C. § 1447(c), the Court's order granting remand may require payment of costs, expenses, and attorney fees incurred if removal was unreasonable or improper. On the issue of fees, the text of the statute provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*." 28 U.S.C. § 1447(c) (emphasis added). In other words, the costs and expenses awarded must be incurred as a result of removal and not merely associated with the removal. *Id.* Here, Defendants' requested fees and costs are associated with Plaintiffs' actions after removal, not "incurred as a result of the removal." The Court declines to impose payment of fees and cost at this time.

## **CONCLUSION**

For the above reasons, the Court declines supplemental jurisdiction over Plaintiffs' state law claims and GRANTS Plaintiffs' Motion to Remand. Under 28 U.S.C. § 1441(c)(2), this case is remanded to the District Court of Oklahoma County.

IT IS SO ORDERED this 25th of November 2020.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE